## Levi C. Fisher *vs.* Savel Metcalf.

Since the passage of the Gen. Sts. an administrator *de bonis non*, who has given due notice of his appointment, is not liable to an action by a creditor of his intestate after the expiration of two years from the date of his giving bond.

Contract against the administrator *de bonis non* of Hiram Metcalf, upon two promissory notes signed by said Hiram, payable to the plaintiff or order on demand with interest, one of which was for $240, dated April 2, 1852, and the other for $100, dated December 26, 1851. The writ was dated October 19, 1861.

At the trial in the superior court, before *Russell*, J., without a jury, it appeared by the verbal agreement of the parties that said Hiram died in September 1856, and administration of his estate was granted to his wife, who afterwards resigned the trust, and the defendant was appointed administrator *de bonis non* on the 20th of October 1857. A payment of $50 was made upon the note for $100 on the 10th of January 1857, and indorsed thereon by the administratrix.

Upon these facts, the judge ruled that the plaintiff was entitled to recover on both notes, and the defendant alleged exceptions.

*C. H. Deans*, for the defendant.

*A. A. Ranney*, for the plaintiff.

DEWEY, J. The note for $240 is clearly barred by the general statute of limitations of six years. Gen. Sts. *c.* 155, § 1. It is not saved from the operation of the statute by the death of the promisor within the six years, as the payee neglected to enforce payment of it until nearly four years had elapsed after the appointment of the defendant as administrator *de bonis non*. See *Bigelow* v. *Bemis*, 2 Allen, 496.

The note for $100 is saved from the operation of the general statute of limitations by the payment made and indorsed thereon. *Foster* v. *Starkey*, 12 Cush. 324. This note, if barred by any statute limitation, is barred by the provision limiting suits against administrators to the period of two years. This limitation applies to an administrator *de bonis non*, who, by Gen. Sts. *c.* 97, § 12, is liable to the actions of creditors for two years after he has given bond for the discharge of his trust.

The case of *Bigelow* v. *Bemis*, 2 Allen, 496, fully sustains the application of this limitation of two years to the present case, and presents a full bar to the action, if the administrator is entitled to avail himself of it. The plaintiff contends that it does not appear from the statement of facts at what date the bond of the defendant was given. But as the parties have agreed that he was appointed administrator *de bonis non* on the 20th of October 1857, we are to assume that he gave the requisite bond concurrently with his appointment. It was further suggested at the argument that there is no evidence that the defendant gave the public notice of his appointment required by Gen. Sts. *c.* 97, § 13, to bar this demand after two years had elapsed. The facts agreed by the parties do not show whether such notice was given or not, and no question appears to have been raised in the superior court in reference thereto. The case will therefore be remitted to that court for a further hearing. If it shall be found that the public notice required by statute was duly given by the defendant, then the defence is well maintained as to both notes. If no such notice was given, the plaintiff is entitled to recover the amount due upon the note of $100.

*Exceptions sustained.*